

Ronald D. Lefton

Tel (212) 801-3159
Fax (212) 801-6400
leftonr@gtlaw.com

December 20, 2013

**VIA E-MAIL (sullivannysdchambers@nysd.uscourts.gov)**

Hon. Richard J. Sullivan
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

     Re:   *Enzo Biochem, Inc., et al., v. Affymetrix, Inc.*  (04 Civ. 1555)

Dear Judge Sullivan:

     Pursuant to your Honor's Memorandum & Order (the "Order") entered December 9, 2013, this letter is submitted jointly on behalf of Enzo Biochem, Inc. and Enzo Life Sciences, Inc. (collectively, "Enzo") and Affymetrix, Inc. ("Affymetrix") to address the pretrial schedule and trial date of April 14, 2014 in the above-referenced action (the "Enzo Action").

     In light of the Passover and Holy Week holidays, the parties respectfully request a short continuance of the trial date until either May 5, 2014 or May 12, 2014, and deferral of the submission of a proposed pretrial schedule in the hope that your Honor will set a new trial date.  Once the parties are informed of the Court's preference on the trial date, we will promptly submit a joint proposed pretrial schedule.

     Enzo intends to file a timely motion for re-argument or reconsideration of the Order pursuant to Local Civil Rule 6.3.  Enzo respectfully requests that Enzo's deadline to file any such motion be extended from December 23, 2013 to December 30, 2013, which, pursuant to Local Civil Rules 6.3 and 6.1(b), would make Affymetrix's opposition due on January 13, 2014, and Enzo's reply due on January 20, 2014.  Affymetrix's position is that Enzo does not have any basis for seeking reconsideration.  Affymetrix, however, will not oppose Enzo's request for an extension of time to file its motion.

     The parties disagree as to the status of the related case, *Affymetrix, Inc. v. Enzo Biochem, Inc.*, No. 03 Civ. 8907 (RJS) (the "Affymetrix Action"), especially with regard to certain claims asserted by Affymetrix against Enzo: Affymetrix's Twelfth Claim for Relief (for breach of contract), Thirteenth Claim for Relief (for tortious interference with prospective economic advantage), Fourteenth Claim for Relief (for unfair competition

ALBANY
AMSTERDAM
ATLANTA
AUS
BOSTON
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDALE
HOUSTON
LAS VEGAS
LONDON+
LOS ANGELES
MEXICO CITY+
MIAMI
MILAN**
NEW JERSEY
NEW YORK
ORANGE COUNTY
ORLANDO
PALM BEACH COUNTY
PHILADELPHIA
PHOENIX
ROME**
SACRAMENTO
SAN FRANCISCO
SEOUL∞
SHANGHAI
SILICON VALLEY
TALLAHASSEE
TAMPA
TEL AVIV^
TYSONS CORNER
WARSAW~
WASHINGTON, D.C.
WHITE PLAINS

+ OPERATES AS GREENBERG TRAURIG MAHER LLP
+ OPERATES AS GREENBERG TRAURIG, S.C.
^ A BRANCH OF GREENBERG TRAURIG, P.A. FLORIDA, USA
~ OPERATES AS GREENBERG TRAURIG GRZESIAK sp.k.
∞ OPERATES AS GREENBERG TRAURIG LLP FOREIGN LEGAL CONSULTANT OFFICE
** STRATEGIC ALLIANCE

GREENBERG TRAURIG, LLP ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM
MetLife Building, 200 Park Avenue ■ New York, New York 10166 ■ Tel 212.801.9200 ■ Fax 212.801.6400

Hon. Richard J. Sullivan
December 20, 2013
Page 2

---

under New York and Federal law) and Fifteenth Claim for Relief (for unfair competition under California Business & Professions Code § 17200 *et seq.*).

Affymetrix's position is that these claims should be tried jointly with the surviving claims asserted by Enzo against Affymetrix in the Enzo Action. Affymetrix's complaint was filed on November 10, 2003 – just two weeks after Enzo filed its complaint. All of the related cases – including Enzo's case against Affymetrix, and Affymetrix's case against Enzo – were consolidated for purposes of discovery. Fact discovery on liability issues closed in May 2005. At no point in the past decade did Enzo make a motion of any kind to challenge Affymetrix's claims. As discussed below, it is Affymetrix's position that it is entitled to judgment on its declaratory judgment claims, such that only Affymetrix's offensive claims of breach of contract, tortious interference with prospective economic advantage, and unfair competition need to be tried. These claims should proceed to trial on the same schedule as Enzo's surviving claims, and be tried together in a single, consolidated trial.

Enzo believes, in light of this Court's recent rulings concerning Enzo's claims for tortious interference and unfair competition, that Affymetrix's 12th-15th claims for relief on these bases should be dismissed. For example, Affymetrix has not even identified one particular prospective economic advantage with a particular customer with whom Enzo allegedly tortiously interfered. Therefore should the Court conclude that Affymetrix's 12th-15th claims should proceed, Enzo respectfully seeks permission to take discovery, to be completed in 30 days, followed by making a motion for summary judgment addressed to said claims.

The parties agree that Affymetrix's Third Claim for Relief seeking a declaratory judgment of non-infringement as to the '373 patent has been resolved by the Court's September 24, 2012, award of summary judgment against Enzo. Accordingly, Affymetrix is entitled to judgment in its favor on its Third Claim for Relief.

The parties further agree that there are no triable issues with respect to Affymetrix's First, Second, Fourth, Fifth, Sixth, Seventh, Eighth, and Ninth Claims for Relief, each seeking a declaratory judgment of patent invalidity and/or non-infringement with respect to certain of Enzo's patents. However, the parties disagree as to the proper disposition of those claims. Affymetrix believes that, because Enzo did not make an infringement claim in the face of Affymetrix's claims for declaratory judgment, the Court should enter judgment of non-infringement in favor of Affymetrix on each of these claims. *See, e.g., Capo, Inc. v. Dioptics Medical Products, Inc.*, 387 F.3d 1352, 1356 (Fed. Cir. 2004) ("In an action for declaration of noninfringement, a counterclaim for patent infringement is compulsory and if not made is deemed waived."). Enzo believes that these claims are moot and that there is no longer a justiciable controversy because no claim of infringement of any of the patents at issue on these claims was asserted against Affymetrix by Judge Sprizzo's March 2005 deadline to do so, warranting a dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). *See, e.g., Streck, Inc. v. Research & Diagnostic Sys., Inc.*, 665 F.3d 1269, 1282-83 (Fed. Cir. 2012) (holding that declaratory judgment jurisdiction "must exist at all stages of

Hon. Richard J. Sullivan
December 20, 2013
Page 3

---

review" and that a party seeking a declaratory judgment "must show a continuing case or controversy with respect to withdrawn or otherwise unasserted [patent] claims."). The patents-in-suit expired years ago, and, as Affymetrix admits below, it no longer sells Enzo products; these facts distinguish the present suit from the situation in *Capo*, and thus there is no need to avoid a "scarecrow patent" situation that would establish declaratory judgment jurisdiction. *See Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 96 (1993).

Affymetrix further believes that, in advance of trial, the Court should also enter judgment in favor of Affymetrix on its Eleventh Claim for Relief, which seeks a judicial declaration that "Enzo's claims of ownership to proprietary inventions, technology and products developed by Affymetrix are without any legal or factual basis." Affymetrix is entitled to judgment on this claim in view of this Court's Order granting summary judgment to Affymetrix on Enzo's claim of ownership to Affymetrix's proprietary inventions and products, including RLR/DLR, under Section 5 of the Distributorship Agreement. For the same reason, Affymetrix believes that the Court should enter judgment in favor of Affymetrix on Enzo's Third Claim for Relief, which sought a judicial declaration "as to its proprietary rights to the various products, inventions, patents, know how and other intellectual property that belong to it pursuant to paragraph 5 of the Agreement." The Court also should dismiss Enzo's Second Claim for Relief, which sought an injunction. As an initial matter, "[t]here is no 'injunctive' cause of action under New York or federal law." *Reuben H. Donnelley Corp. v. Mark I Marketing Corp.*, 893 F. Supp. 285, 293 (S.D.N.Y. 1995). "A permanent injunction ... is a remedy, not a claim." *Sang v. Hai*, __ F. Supp. 2d __, 2103 WL 3215458, *17 n.11 (S.D.N.Y. June 27, 2013). Moreover, the remedy is inapplicable because Affymetrix no longer sells any Enzo Product, nor does Enzo contend otherwise.

Enzo respectfully disagrees, at least pending determination of its motion for reconsideration. If Enzo's claim is reinstated it will impact on the claim for injunctive relief with regard to Affymetrix products developed by use of Enzo "PRODUCTS."

The parties agree that all surviving claims should be jointly tried. None of these are patent claims. As Your Honor knows, there has been no damages discovery.

                        Very truly yours,

                        /s/ Ronald D. Lefton
                        Ronald D. Lefton

cc:    Peter Root, Esq.