**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

ENZO BIOCHEM, INC., and ENZO LIFE SCIENCES, INC.

        Plaintiffs,

        v.

AFFYMETRIX, INC.

        Defendant.

No. 04 CV 1555 (RJS)

---

**MEMORANDUM OF LAW OF IN SUPPORT OF PLAINTIFFS ENZO BIOCHEM, INC. AND ENZO LIFE SCIENCES, INC.'S MOTION FOR RECONSIDERATION OF THE COURT'S DECEMBER 6, 2013 MEMORANDUM AND ORDER**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...................................................................................................1

ARGUMENT...................................................................................................................................3

    A.       Applicable Legal Standard..................................................................................3
    B.       The Court Misapprehended the Specific Language of Section 6 of the Agreement and Overlooked Evidence Supporting Enzo's Interpretation Of The Provision's Shortfall Formula.........................................................................4

CONCLUSION.................................................................................................................................12

## **TABLE OF AUTHORITIES**

**Federal Cases**

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986)...........................................................................................................11

*Chesa Int'l., Ltd. v. Fashion Assocs., Inc.*,
  425 F. Supp. 234 (S.D.N.Y. 1977) ....................................................................................10

*Crucible Materials Corp. v. Certain Underwriters at Lloyd's London*,
  330 Fed. Appx. 223, 2009 WL 1344727 (2d Cir. May 14, 2009) ........................................9

*FLLI Moretti Cereali v. Cont'l Grain Co.*,
  563 F.2d 563 (2d Cir. 1977).................................................................................................4

*Floyd v. City of New York*,
  813 F. Supp. 2d 457 (S.D.N.Y. 2011)..................................................................................3

*Heyman v. Commerce & Indus. Ins. Co.*,
  524 F.2d 1317 (2d Cir. 1975)...............................................................................................4

*Hispanics for Fair and Equitable Reapportionment (H-FERA) v. Griffin*,
  958 F.2d 24 (2d Cir. 1992).................................................................................................11

*Jobim v. Songs of Universal, Inc.*,
  732 F. Supp. 2d 407 (S.D.N.Y. 2010)..................................................................................6

*Kantrowitz v. Uniondale Union Free Sch. Dist.*,
  822 F. Supp. 2d 196 (E.D.N.Y. 2011) .................................................................................7

*Kirby v. Anthem, Inc.*,
  No. IP98-0954-C-H/G, 2001 WL 1168166 (S.D. Ind. Aug. 8, 2001) ..................................9

*McDarren v. Marvel Entm't Group, Inc.*,
  No. 94 Civ. 0910, 1995 WL 214482 (S.D.N.Y. Apr. 11, 1995)....................................... 7-8

*In re Refco Capital Mkts., Ltd. Brokerage Customer Secs. Litig.*,
  No. 06 Civ. 643(GEL), 2008 WL 4962985 (S.D.N.Y. Nov. 20, 2008)................................3

*Shrader v. CSX Transp., Inc.*,
  70 F.3d 225 (2d Cir. 1995)...................................................................................................3

*Tafari v. Goord,*
  No. 06 CV 331, 2011 WL 691661 (W.D.N.Y. Feb. 18, 2011) ..........................................10

*Thomas v. United States,*
  No. 02 Civ. 6254, 2005 WL 2104998 (S.D.N.Y. Sept. 1, 2005)..........................................5

*United States v. One Tintoretto Painting Entitled "The Holy Family With Saint Catherine
And Honored Donor,"*
  691 F.2d 603 (2d Cir. 1982).........................................................................................7, 11

*Van Cleef & Arpels Logistics, S.A. v. Landau Jewelry*,
  583 F. Supp. 2d 461 (S.D.N.Y. 2008)..................................................................................3

**Rules**

Fed. R. Civ. P. 54(b) ...........................................................................................................................1

S.D.N.Y. Local Civil Rule 6.3 .......................................................................................................1, 3

**Other Authorities**

Charles Alan Wright & Arthur R. Miller, et al., 10A *Fed. Prac. & Proc.* Civ. § 2712 (3d
ed. 2013) ....................................................................................................................................3-4

**PRELIMINARY STATEMENT**

Enzo Biochem, Inc. and Enzo Life Sciences, Inc. (collectively, "Enzo") move, pursuant to Federal Rule of Civil Procedure 54(b) and Local Civil Rule 6.3, for reconsideration of so much of the Court's Memorandum and Order, dated December 6, 2013 (the "Order") as granted Defendant Affymetrix, Inc.'s ("Affymetrix") motion for summary judgment (the "Motion") dismissing Enzo's breach of contract claim based on Affymetrix's breach of section 6 ("shortfall" claim) of the parties' distributorship agreement (the "Agreement").

In holding that Enzo put forth insufficient evidence to support an inference that Affymetrix breached section 6 of the Agreement by failing to account for and make the required "shortfall" payment, the Court overlooked and misapprehended certain facts. *First,* the Court misapprehended the specific language of section 6 in its analysis of Enzo's claim. As set forth in Enzo's opposition, pursuant to section 6 of the Agreement, Affymetrix was required to make an annual reconciliation comparing the number of Products *purchased from Enzo* and the number of GeneChip® arrays it sold to its customers. Section 6 specifies that any "shortfall" payment due Enzo from Affymetrix in a given year is based on this annual reconciliation of the ratio of ***Enzo products purchased*** to GeneChip® arrays sold. In its Order, however, the Court described Enzo's claim as based on Affymetrix's failure "account for a shortfall in its ***sales*** of Enzo Products in 2003," and interpreted section 6 as requiring Affymetrix to "pay Enzo for any ***shortfall in sales of Enzo's Products***." (Order at 10) (emphasis added). Further, the Court's rulings that (i) Enzo failed to "adduce[] any evidence to suggest that there was *any* shortfall in ***2003 sales***", (ii) "Enzo's Local Rule 56.1 Statement makes no mention of sales amounts from 2003", and (iii) Enzo "does not point to evidence in the record from which the fact finder could reasonably infer that Affymetrix failed to sell the appropriate number of Enzo Products in 2003,"

are each based on its misapprehension of the specific language of section 6, in addition to the ratio as understood and performed by the parties and the refusal of Affymetrix to account for the 2003 calendar year.

*Second,* the Court overlooked evidence supporting Enzo's interpretation of the specific ratio of Enzo Products purchased to Affymetrix GeneChip arrays sold under section 6 of the Agreement.  Enzo stated in its Local Rule 56.1 Statement that the "parties contemplated that Affymetrix would purchase one labeling kit from Enzo for every approximately ten GeneChip® arrays Affymetrix sold or expected to sell," and that "Affymetrix also calculated whether any shortfall payments were due to Enzo based on the premise that it was required to purchase one Enzo Product for every ten GeneChip® products sold," and supported both statements with documentary evidence.  The Court also overlooked that ***Affymetrix*** did not put forth any evidence or offer any explanation of any other ratio to be applied pursuant to section 6 of the Agreement in support of its Motion.  In fact, Affymetrix did not challenge Enzo's assertion that section 6 required a 1:10 ratio of Enzo Products purchased to GeneChip® products sold, or deny Enzo's assertion that Affymetrix failed to purchase enough Enzo Products in 2003 to satisfy a 1:10 ratio.

*Third,* contrary to the Court's *sua sponte* holding, the evidence Enzo put forth to "suggest" that there was a shortfall in Affymetrix's 2003 purchases was not "untitled, unattributed, and unexplained in Enzo's declarations." Rather, Enzo identified the document as an excerpt of Affymetrix's own spreadsheet containing its confidential and proprietary information that it produced to Enzo during discovery in this litigation.  Moreover, the Court overlooked that Affymetrix did not object to the document's authenticity or content, but, to the

2

contrary, itself relied on the document in its reply papers, and specifically adopted certain of the document's calculations as accurate.

Here, where the Court's grant of summary judgment on Enzo's "shortfall" claim—without the benefit of oral argument—is based on conclusions that overlooked evidence contained in the record on the Motion and misapprehended key contractual language, Enzo respectfully submits that the Court reconsider and vacate its ruling.

## ARGUMENT

### A. Applicable Legal Standard

A motion for reconsideration is governed by Local Civil Rule 6.3 and is appropriate where "the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 225, 257 (2d Cir. 1995); *see* Local Civ. R. 6.3 (reconsideration warranted on "matters or controlling decisions" that "the court has overlooked"). A motion for reconsideration may also be granted to "correct a clear error or prevent manifest injustice." *Van Cleef & Arpels Logistics, S.A. v. Landau Jewelry*, 583 F. Supp. 2d 461, 463 (S.D.N.Y. 2008) (internal quotation omitted); *see also In re Refco Capital Mkts., Ltd. Brokerage Customer Secs. Litig.*, No. 06 Civ. 643(GEL), 2008 WL 4962985, at *1 (S.D.N.Y. Nov. 20, 2008). Courts always have the power to reconsider their previous decisions when manifest injustice would result from a refusal to do so, even where the evidence on which reconsideration is based could have been presented earlier. *See, e.g., Floyd v. City of New York*, 813 F. Supp. 2d 457, 464, n.73 (S.D.N.Y. 2011).

On this motion, the Court should also take into account that "[s]ince the impact of a successful Rule 56 motion is rather drastic, summary judgment must be used with a due regard for its purposes and should be cautiously invoked so that no person will be improperly deprived a

trial of disputed factual issues." Charles Alan Wright & Arthur R. Miller, et al., 10A *Fed. Prac. & Proc.* Civ. § 2712 (3d ed. 2013) (citing *FLLI Moretti Cereali v. Cont'l Grain Co.*, 563 F.2d 563 (2d Cir. 1977)); *see also Heyman v. Commerce & Indus. Ins. Co.*, 524 F.2d 1317, 1320 (2d Cir. 1975) (describing the "procedural weapon" of summary judgment as "a drastic device since its prophylactic function, when exercised, cuts off a party's right to present his case to the jury.").

> B. **The Court Misapprehended The Specific Language Of Section 6 Of The Agreement And Overlooked Evidence Supporting Enzo's Interpretation Of The Provision's Shortfall Formula**

The Court's holding that Enzo failed to provide sufficient evidence in support of its claim that Affymetrix breached section 6 of the Agreement by failing to account and pay for the shortfall in the number of Enzo Products it purchased in 2002 is unwarranted, and on reconsideration should be vacated. Respectfully, the Court misapprehended the plain language of the Agreement in finding that section 6 requires a comparison between Affymetrix's sales of both Enzo Products and GeneChip® arrays. (*See* Order at 10-11). Instead, and as both parties argued on the Motion, whether any shortfall payment is required pursuant to section 6 is based on a comparison between the number of Enzo Products *purchased* by Affymetrix to the number of GeneChip® arrays sold by Affymetrix. (*See* Enzo Opposition Brief ("Opp."). at 20; Affymetrix Reply Brief ("Reply") at 5-6). Specifically, section 6 provides:

> At the end of each calendar year, AFFYMETRIX will additionally pay ENZO an amount equal to 0.50 of ENZO's catalog price for PRODUCTS sold hereunder to account for the distribution, sales and services provided by the use of the Genechip® arrays or array sets in those instances where ***PRODUCTS were purchased from ENZO in quantities less than would be used in conjunction with the Genechip® arrays or array sets associated with a PRODUCT*** during such calendar year. If the discrepancy between the Genechip® arrays or array sets sold and used and PRODUCT provided by ENZO to AFFYMETRIX is greater than ten percent (10%), then AFFYMETRIX will additionally pay ENZO an amount equal to 0.60 of ENZO's catalog price for such PRODUCTS. . . .

4

(Agreement at § 6) (emphasis added).

In the Order, however, the Court described Enzo's claim as based on Affymetrix's failure "account for a shortfall in its *sales* of Enzo Products in 2003," and interpreted section 6 as requiring Affymetrix to "pay Enzo for any *shortfall in sales of Enzo's Products*." (Order at 10) (emphasis added). Further, the Court's rulings that (i) Enzo failed to "adduce[] any evidence to suggest that there was *any* shortfall in *2003 sales*"; (ii) "Enzo's Local Rule 56.1 Statement makes no mention of sales amounts from 2003"; and (iii) Enzo "does not point to evidence in the record from which the fact finder could reasonably infer that Affymetrix failed to sell the appropriate number of Enzo Products in 2003," are each based on its misapprehension of section 6 of the Agreement. Accordingly, reconsideration is warranted to correct this clear error. *See e.g., Thomas v. United States,* No. 02 Civ. 6254, 2005 WL 2104998, at *2 (S.D.N.Y. Sept. 1, 2005) (granting motion for reconsideration of grant of petition for writ of habeas corpus and denying petition on reconsideration).

In addition, the Court's Order granting Affymetrix's motion for summary judgment on Enzo's claim based on section 6 of the Agreement overlooks several important facts, which, had the Court considered, would have compelled a different result. Contrary to the Court's finding, expressed in footnote 4 of the Order, Enzo provided "evidence of a specific ratio of Enzo Products [purchased] to GeneChip® arrays or array sets [sold]. . . " (Order at p.10 n.4).[1]

In its Local Rule 56.1 Statement, Enzo asserted that:

---

[1] Although, as the Court pointed out, the exhibit cited by Enzo in its opposition brief on this point does not pertain to section 6 of the Agreement, the Court overlooked that Enzo cited several other documents earlier in its brief (*see* Opp. at 4) and in its Local Rule 56.1 Statement (discussed above) that pertain to section 6 generally, and specifically support Enzo's interpretation that the provision requires a 1:10 ratio.

- "The parties contemplated that Affymetrix would purchase *one labeling kit from Enzo for every approximately ten GeneChip® arrays* Affymetrix sold or expected to sell;" and that

- "Affymetrix also calculated whether any shortfall payments were due to Enzo based on the premise that it was required to purchase *one Enzo Product for every ten GeneChip® products sold*."

(Enzo 56.1 Stmt. Enzo No. 9, ¶¶ 1, 5) (emphases added). Enzo supported both statements with documentary evidence supporting its interpretation of section 6 as requiring a 1:10 ratio. Specifically, Enzo submitted:

- An internal Affymerix email discussing and attaching Affymetrix's annual reconciliation for 2002 comparing the number of Enzo Products purchased and GeneChip® arrays sold that year. (*Id.* at Enzo No. 9, ¶ 1; Grassotti Decl. Exh. 10). In this document, Affymetrix calculated the total number of Enzo kits it was required to purchase based on "10 sample[s] per kit." (Grassotti Decl. Exh. 10).

- Affymetrix's internal preliminary calculation of the number of Enzo kits it would be required to purchase in 2000 based on its forecasted sales of GeneChip® arrays and assuming 10 samples/Enzo kit. (Grassotti Decl. Exh. 13).

- Affymetrix's annual reconciliations for 1999 through 2002 that Enzo received from Affymetrix. (*Id.* at Exh. 15). This document also demonstrates that Affymetrix performed the shortfall calculations pursuant to section 6 of the Agreement using a 1:10 ratio of Enzo Products purchased to Affymetrix GeneChip® arrays sold. (*Id.*).

These exhibits demonstrate the parties' four-year course of conduct in performing the Agreement. That evidence, which Affymetrix did not contest, establishes the parties' course of performance and can be considered in construing the ambiguous language of section 6 of the Agreement. *See Jobim v. Songs of Universal, Inc.,* 732 F. Supp. 2d 407, 416 (S.D.N.Y. 2010) (holding plaintiff's receipt of and longstanding failure to object to defendants' royalty statements containing certain royalty calculation was evidence of the parties' course of performance with respect to royalty calculation at issue).

Moreover, the Court overlooked that Affymetrix failed to satisfy its burden as the moving party to support its assertion that there is no genuine issue of material fact requiring trial on

6

Enzo's claim based on section 6.  *See United States v. One Tintoretto Painting Entitled "The Holy Family With Saint Catherine And Honored Donor,"* 691 F.2d 603, 606 (2d Cir. 1982); *Kantrowitz v. Uniondale Union Free Sch. Dist.,* 822 F. Supp. 2d 196, 207 (E.D.N.Y. 2011).  The Court specifically held that section 6 is ambiguous because the "provision omits a critical piece of information . . . [h]ow is a shortfall to be identified and measured?" and contains "no explanation of the appropriate ratio between Products and GeneChip® arrays or array sets." (Order at 10).  Affymetrix, however, unlike Enzo, did not put forth a single piece of evidence or offer any explanation whatsoever of the specific ratio to be applied pursuant to Section 6 of the Agreement in support of its Motion.  (*See* Affymetrix Moving Brief ("Mem.") at 17-18; Reply at 5-6; *see generally* Affymetrix 56.1 Stmt).  Affymetrix simply argued that "there was no one-to-one ratio," (Mem. at 17) (an interpretation not offered by Enzo in its Opposition), and that one Enzo labeling reaction could be used in connection with "multiple arrays," (*id.*), without more.  On reply, Affymetrix failed to challenge Enzo's assertion that Section 6 required a 1:10 ratio of Enzo Products purchased to GeneChip® products sold, or deny Enzo's assertion that Affymetrix failed to purchase enough Enzo Products in 2003 to satisfy a 1:10 ratio.  (Reply at 5-6).

Affymetrix's argument that it was not required to remit a shortfall payment pursuant to section 6 was premised solely on its interpretation (albeit erroneous) of the provision's phrase "during such calendar year."  (*Id.*).  Because the Court found that section 6 is ambiguous specifically with respect to the ratio of Enzo Products and GeneChip® arrays or array sets, *and* Affymetrix did not challenge Enzo's interpretation (which was supported by documentary evidence) that the required ratio is 1:10, or offer any alternative interpretation of the specific ratio required pursuant to section 6, summary judgment was inappropriate and should be vacated on reconsideration.  *See McDarren v. Marvel Entmt. Group, Inc.,* No. 94 Civ. 0910, 1995 WL

7

214482, at *4 (Apr. 11, 1995 S.D.N.Y.) (finding that "the Court could not determine, due to the ambiguity of the [best efforts clause contained in] Paragraph 3, what falls under the clause").

The Court also held, *sua sponte,* that Enzo failed to "adduce[] any evidence to suggest that there was *any* shortfall in 2003 sales." (Order at 11). Reconsideration of the Court's grant of summary judgment on Enzo's claim for breach of section 6 on this basis is warranted to correct clear errors of fact and law, and to prevent manifest injustice. *First*, section 6 requires Affymetrix to make an annual reconciliation to Enzo comparing the number of Enzo Products purchased and GeneChip® arrays or array sets sold. *Second*, Affymetrix did not make the required reconciliation to Enzo at the end of 2003. *Third*, the amount of any shortfall payment that may be owed to Enzo is a question of damages, not liability.[2] As the Court acknowledged in its Order, "the parties have not yet engaged in damages discovery." (Order at p.11 n.5).

The Court's ruling that one of the documents Enzo put forth to "suggest" that there was a shortfall in Affymetrix's 2003 purchases was "untitled, unattributed, and unexplained in Enzo's declarations," (Order at 11), overlooks several facts that would have compelled a different result had the Court considered them. *First,* the document at issue (Exhibit 42 to the Grassotti Declaration) is Affymetrix's own document. Enzo believes—and Affymetrix did not deny—that the document reflects Affymetrix's draft reconciliation comparing the quantity of Enzo Products purchased and Affymetrix GeneChip® arrays or array sets sold during 2003. In its declaration attaching the document, Enzo explained that the spreadsheet was "a true and correct copy of the document bates numbered AVE_0840678-HCAEO." (Grassotti Decl. ¶ 44). As is clear based on many of the documents contained in the record, Affymetrix used the bates-stamp number

---

[2] According to Enzo's preliminary calculation set forth in its opposition brief based on the limited documents in its possession, including Affymetrix's annual reconciliations for prior years, the shortfall payment due Enzo from Affymetrix for 2003 is between $6,569,332 and $7,232, 932. (Opp. at 20).

8

prefix "AVE" to identify each of the documents it produced to Enzo during discovery in this litigation, and used the "HCAEO" to designate documents containing its proprietary or confidential information as "highly confidential, attorneys' eyes only" pursuant to the parties' stipulated protective order. (Dkt. 17).

*Second*, the Court overlooked that Affymetrix did not object to, nor contest the document's authenticity or content in any of its submissions on the Motion. *See, e.g., Crucible Materials Corp. v. Certain Underwriters at Lloyd's London,* 330 Fed. Appx. 223, 226, 2009 WL 1344727, at *2 (2d Cir. May 14, 2009) (vacating trial court's grant of summary judgment and dismissal of plaintiff's complaint based on "question of an asserted failure to prove the terms of the 1968 policy" where [p]rior to the District Court's June 22, 2007 decision and order, neither side briefed the issue whether there existed a dispute as to the terms of the 1968 policy").

*Third*, the Court overlooked that Affymetrix itself relied on the document in support of its Motion, and specifically adopted Enzo's calculation as to the number of products Affymetrix actually purchased in 2003. (*Compare* Reply at 5 (citing Enzo's opposition and stating that "[e]ven though it had sufficient quantity to cover all of 2003, Affymetrix purchased an additional quantity of between 3,600 and 5,000 kits from Enzo in 2003") *with* Grassotti Decl. Exh. 42, and Opp. at 20). *See, e.g., Kirby v. Anthem, Inc.,* No. IP98-0954-C-H/G, 2001 WL 1168166, at **5-6 (S.D. Ind. Aug. 8, 2001) (holding that evidence relied on by plaintiff in opposition to defendant's motion for summary judgment without "any affidavit or other evidence supporting or explaining the document" was properly authenticated by "the sum of [defendant's] production of the document, [defendant's] limited concession of authenticity, and the internal and circumstantial evidence").

*Fourth*, despite acknowledging that the parties have not yet engaged in any damages discovery, the Court overlooked the "well-known and ancient doctrine that when a party frustrates proof of damages, either by withholding facts or through inaccurate record-keeping, any doubts about the actual assessment of damages will be resolved against that party, and the fact-finder may calculate damages at the highest reasonably ascertainable value." *Chesa Int'l., Ltd. v. Fashion Assocs., Inc*., 425 F. Supp. 234, 238 (S.D.N.Y. 1977).

During discovery on liability issues, Enzo specifically requested that Affymetrix produce, "documents that state the actual or projected amount of chip-based products . . . sold by Affymetrix from first production to date." (Enzo's First Request For Production of Documents to Affymetrix, Inc., dated February 15, 2005, Request No. 122). Affymetrix objected to this request and refused to produce responsive documents "on the grounds that it relates to the calculation of damages, and is therefore premature." (Affymetrix's Responses to Enzo's First Set of Document Requests, dated March 24, 2005, Response to Request No. 122). Documents concerning and reflecting Affymetrix's sales of its own products are within Affymetrix's exclusive control. Therefore, Affymetrix's refusal to produce documents in response to Enzo's document requests deprived Enzo of this information during its opposition to the Motion. Thus, in light of the Court's holding that section 6 is ambiguous with respect to the specific ratio to be applied, and Enzo's uncontroverted evidence that Affymetrix failed to provide Enzo with its annual reconciliation based on the number of Enzo Products it purchased in 2003, the Court should have shifted onto Affymetrix the burden of any uncertainty as to the amount of the required shortfall payment for 2003. *See Tafari v. Goord,* No. 06 CV 331, 2011 WL 691661, at \*\*2-3 (W.D.N.Y. Feb. 18, 2011) (denying defendants' motion for summary judgment based on lack of defendants' personal involvement in events at issue and holding that "[t]he fact that this

alleged involvement is not mentioned in the documents generated by the defendants does not resolve the question of fact as to what transpired on May 23, 2003," and acknowledging that plaintiff "did not have control over the creation of the Use of Force Report and other documents relied upon by the defendants").

*Fifth,* manifest injustice arises from the nature of the Court's *sua sponte* weighing of the evidence on a motion for summary judgment. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict."); *Hispanics for Fair and Equitable Reapportionment (H-FERA) v. Griffin*, 958 F.2d 24, 25 (2d Cir. 1992) (per curiam) ("We cannot in good conscience affirm a summary judgment if we are not satisfied that the appellant had been given an opportunity upon notice to oppose the grant below."); *United States v. One Tintoretto Painting Entitled "The Holy Family With Saint Catherine And Honored Donor,"* 691 F.2d at 606 ("In passing upon a Rule 56 motion the district court must determine whether there are issues of fact to be tried . . . . the key is issue-finding, not issue-resolution").

## **CONCLUSION**

For the foregoing reasons, Enzo respectfully requests that the Court reconsider and vacate its prior ruling in its Memorandum and Order, entered December 9, 2013, granting Affymetrix summary judgment on Enzo's claim for breach of contract regarding payment shortfalls pursuant to section 6 of the parties' agreement, and grant to Enzo such other relief the Court may deem appropriate.

Dated:  December 30, 2013

>/s/ Ronald D. Lefton
>Michael Burrows
>Jeffrey R. Mann
>Ronald D. Lefton
>Lauren B. Grassotti
>GREENBERG TRAURIG, LLP
>200 Park Avenue
>New York, NY 10166
>(212) 801-9200
>*Attorneys for Plaintiffs Enzo Biochem, Inc., and Enzo Life Sciences, Inc.*