UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-25-14
```

---

ENZO BIOCHEM, INC., *et al.*,

                Plaintiffs,

-v-

AFFYMETRIX, INC.,

                Defendant.

No. 04 Civ. 1555 (RJS)
ORDER

---

AFFYMETRIX, INC.,

                Plaintiff,

-v-

ENZO BIOCHEM, INC., *et al.*,

                Defendants.

No. 03 Civ. 8907 (RJS)
ORDER

---

RICHARD J. SULLIVAN, District Judge:

The Court is in receipt of the parties' joint letter concerning disputes regarding damages discovery. (Doc. No. 121.) In short, Enzo Biochem, Inc. and Enzo Life Sciences, Inc. (collectively, "Enzo") seek to compel Affymetrix, Inc. ("Affymetrix") to (1) produce documents responsive to Enzo's Amended Requests, and (2) identify of all documents responsive to Enzo's Initial Requests. The Court will address Enzo's requests in turn.

## I. BACKGROUND

Discovery in this action was bifurcated between liability and damages. There is no dispute that Affymetrix produced numerous documents during the liability discovery phase that are relevant in the damages discovery phase. In an Order dated January 10, 2014, the Court endorsed the parties' joint proposed schedule for "Expert and Damages Discovery and Pretrial Submissions," which set a deadline of January 13, 2014 for the parties to "exchange requests for discovery pertaining to damages issues[,]" which the parties thereafter agreed to extend for one day. (Doc. No. 115.) The schedule further provided, in relevant part, that "[a]ny disputes about the scope of damages discovery requests shall be presented to the Court by January 22, 2014." (*Id.*) The schedule also set a deadline of February 6, 2014, for providing "[a]ny *additional* documents or interrogatory responses made in response to the requests for discovery pertaining to damages issues[.]" (*Id.* (emphasis added).)

Accordingly, on January 14, 2014, Enzo served its initial damages discovery requests ("Enzo's Initial Requests"). (*See* Doc. No. 121.) With the exception of two requests that asked for documents for the year 2004, the relevant time period of Enzo's Initial Requests ended in November 2003 and was generally co-extensive with the pendency of the distributorship agreement between Enzo and Affymetrix, *i.e.*, April 1998 through November 2003. (*See id.* at 1, 4.). Affymetrix's damages discovery requests also contemplated a similar relevant time period. (*Id.* at 4.) According to Enzo, Requests 5 through 10 of Enzo's Initial Requests "seek documents pertaining to Affymetrix's sales of RLR/DLR Products and its profits resulting therefrom, in furtherance of Enzo's claims for damages arising as a result of actual and/or hypothetical sales during and after termination of the [distributorship agreement]." (*Id.* at 1.) On January 30, 2014 – over two weeks after the January 14 deadline to exchange requests for discovery pertaining to

damages and over one week after the January 22 deadline for submitting disputes to the Court regarding the scope of these requests – Enzo served Affymetrix with its amended requests for damages discovery ("Enzo's Amended Requests"), which modify Requests 5 through 10 by expanding the temporal scope of the relevant time period by over a decade, from an end-date of November 2003 to an end-date of the present. (*Id.*) On February 6, 2014, the deadline for providing "[a]ny additional documents or interrogatory responses made in response to the requests for discovery pertaining to damages issues" (Doc. No. 115), Affymetrix objected to Enzo's Amended Requests as untimely and prejudicial, and indicated that it would not produce documents responsive to Enzo's Amended Requests (*see* Doc. No. 121). On February 12, 2014, the parties submitted the joint letter presenting this discovery dispute that is now before the Court. (*Id.*)

## II. ENZO'S AMENDED REQUESTS

The parties dispute whether Affymetrix should be compelled to produce the discovery sought in Enzo's Amended Requests. Although the time for serving discovery requests had long passed, Enzo sought to supplement its requests by expanding the relevant time period by over ten years, from April 1998 through November 2003 to April 1998 through January 2014. Enzo's Amended Requests came just one week before the production deadline and sought to expand the scope of discovery enormously. Enzo asserts it intended to initially request documents from this larger time period, but "inadvertently" forgot to change the dates provided in the general instructions. (*See* Doc. No. 121.) Given the age and history of this case, the Court questions the sincerity of Enzo's excuse. Regardless, Enzo did not seek an extension to serve discovery requests and served its amended requests well after the January 13 discovery request deadline.

Accordingly, IT IS HEREBY ORDERED THAT Affymetrix shall not be compelled to produce the discovery sought in Enzo's Amended Requests.

III. ENZO'S INITIAL REQUESTS AND THE IDENTIFICATION OF DOCUMENTS

The parties also dispute whether Affymetrix should be compelled to identify all documents previously produced that are responsive to Enzo's discovery requests. The Court's scheduling order, which endorsed the parties' own proposed language, requires production of "[a]ny *additional* documents or interrogatory responses made in response to the requests for discovery pertaining to damages issues[.]" (Doc. 115 (emphasis added).) The scheduling order dose not contemplate Affymetrix reviewing all the documents that it already produced during the liability phase of discovery to identify which documents are responsive to Enzo's damages discovery requests. Accordingly, IT IS FURTHER ORDERED THAT Affymetrix shall not be compelled to comply with Enzo's requests to identify previously-produced discovery.

IV. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED THAT Enzo's motion to compel is deemed made and DENIED.

SO ORDERED.

DATED: February 24, 2014
New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

4