UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ENZO BIOCHEM, INC., *et al.*,

                Plaintiffs,

-v-

MOLECULAR PROBES, INC.,

                Defendant.

No. 03 Civ. 3816 (RJS)
ORDER

---

ENZO BIOCHEM, INC., *et al.*,

                Plaintiffs,

-v-

PERKINELMER, INC., *et al.*,

              Defendants.

No. 03 Civ. 3817 (RJS)
ORDER

---

AFFYMETRIX, INC.,

                Plaintiff,

-v-

ENZO BIOCHEM, INC., *et al.*,

              Defendants.

No. 03 Civ. 8907 (RJS)
ORDER

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-21-14

| | |
|---|---|
| ENZO LIFE SCIENCES, INC., <br><br> Plaintiff, <br><br> -v- <br><br> AFFYMETRIX, INC., <br><br> Defendant. | No. 04 Civ. 1555 (RJS) <br> ORDER |
| ROCHE DIAGONOSTICS GMBH, *et al.*, <br><br> Plaintiffs, <br><br> -v- <br><br> ENZO BIOCHEM, INC., *et al.*, <br><br> Defendants. | No. 04 Civ. 4046 (RJS) <br> ORDER |

RICHARD J. SULLIVAN, District Judge:

On March 17, 2014, Greenberg Traurig's filed motions to withdraw as counsel of record for Enzo Biochem, Inc. and Enzo Life Sciences, Inc. (collectively, "Enzo") in each of the five related matters pending before the Court (collectively "the Enzo matters"). Greenberg Traurig's submission included (1) a letter from Greenberg Traurig's counsel ("Letter"), (2) a memorandum of law in support of the motions ("Memorandum"), and (3) a declaration in support of the motions ("Declaration"). In an Order dated March 18, 2014, the Court (1) authorized Greenberg Traurig to file its Memorandum and Declaration under seal, (2) directed Greenberg Traurig to submit proposed redacted versions of those documents for public docketing and for attorneys' eyes only review, and (3) directed Greenberg Traurig and Enzo to jointly submit a proposed redacted version of the transcript from the March 18, 2014 on-the-record discussion, in camera, with the Court and counsel for Greenberg Traurig and counsel for Enzo.

2

Now before the Court are the proposed redactions to the conference transcript, and the proposed redacted versions of Greenberg Traurig's Memorandum and Letter. Apparently, counsel determined that the redactions appropriate for the attorneys' eyes only version and the public docketing version of these documents were essentially the same. Therefore, Greenberg Traurig submitted one proposed redacted version of each document. Enzo's counsel agrees with the proposed redactions. The Court has reviewed the limited proposed redactions and finds that, in light the need "to prevent a party from being prejudiced by the application of counsel to withdraw," *see Weinberger v. Provident Life & Cas. Ins. Co.*, No 97 Civ. 9262 (JGK), 1998 WL 898309, at *1 (S.D.N.Y. Dec. 23, 1998), the parties have overcome the presumption in favor of open records articulated in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Accordingly, IT IS HEREBY ORDRED THAT Greenberg Traurig shall (1) docket the redacted versions of the Memorandum and Declaration, (2) serve the parties in the Enzo matters with these documents, and (3) file the unredacted motions to withdraw and supporting documents under seal. IT IS FURTHER ORDERED THAT the parties shall provide the Court Reporter with the proposed redactions to the transcript. The Court Reporter is respectfully directed to maintain the unredacted transcript under seal.

SO ORDERED.

DATED: March 21, 2014
New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE