UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ENZO BIOCHEM, INC., et ano.,                    :    03 Civ. 3816 (RJS)
                                                :
                    Plaintiffs,                 :
        v.                                      :
                                                :
MOLECULAR PROBES, INC.,                         :
                                                :
                    Defendant,                  :
------------------------------------------------------------X
ENZO BIOCHEM, INC., et ano.,                    :    03 Civ. 3817 (RJS)
                                                :
                    Plaintiffs,                 :
        v.                                      :
                                                :
PERKINELMER, INC., et ano.,                     :
                                                :
                    Defendants,                 :
------------------------------------------------------------X
AFFYMETRIX, INC.,                               :    03 Civ. 8907 (RJS)
                                                :
                    Plaintiff,                  :
        v.                                      :
                                                :
ENZO BIOCHEM, INC., et ano.,                    :
                                                :
                    Defendants.                 :
------------------------------------------------------------X
ENZO LIFE SCIENCES, INC.,                       :    04 Civ. 1555 (RJS)
                                                :
                    Plaintiff,                  :
        v.                                      :
                                                :
AFFYMETRIX, INC., et ano.,                      :
                                                :
                    Defendants,                 :
------------------------------------------------------------X
ROCHE DIAGNOSTICS GMBH, et ano.,                :    04 Civ. 4046 (RJS)
                                                :
                    Plaintiffs,                 :    **DECLARATION OF MICHAEL BURROWS**
        v.                                      :    **IN SUPPORT OF GREENBERG TRAURIG**
                                                :    **LLP's MOTION TO WITHDRAW AS**
ENZO BIOCHEM, et ano.,                          :    **COUNSEL TO PLAINTIFF**
                                                :
                    Defendants,                 :
------------------------------------------------------------X

**TO BE FILED UNDER SEAL AND REVIEWED *IN CAMERA***

I, MICHAEL BURROWS, declare as follows:

1. I am a member of the Bar of the State of New York and of this Court. I am a shareholder in the New York office of Greenberg Traurig LLP ("GT"), attorneys for Enzo Biochem, Inc. and Enzo Life Sciences, Inc. (together "Enzo") in the above actions (the "Actions"). I submit this declaration in support of GT's motion to be relieved as counsel in the Actions on the grounds that Enzo has (a) refused to pay GT's fees and disbursements as agreed;

BACKGROUND

2. The five Actions, together with three other cases,[1] were commenced by and against Enzo between October 2002 and May 2004. Those eight cases contain claims by Enzo for patent infringement and breach of contract as well as claims by the opposing parties for declaratory judgment and breach of contract. The complaints on behalf of Enzo, as plaintiff, were filed in the first five cases by Anderson Kill & Olick PC ("Anderson Kill"). In the sixth case, the complaint was filed on behalf of Enzo by Morrison Cohen Singer & Weinstein LLP ("Morrison Cohen"). In the seventh case, filed in November 2003, Enzo, as the defendant, was also represented by Morrison Cohen. The eighth complaint was filed against Enzo in May 2004. GT appeared for Enzo in that case and filed counterclaims. The sequence was as follows:

---

[1] The other three cases, which are not at issue in this motion, have previously been settled and dismissed: *Enzo v. Amersham*, 02 Civ. 8448 (RJS); *Enzo v. Orchid*, 03 Civ. 3819 (RJS); and *Enzo v. Sigma Aldrich*, 03 Civ. 3820 (RJS).

2

1. *Enzo v. Amersham,*   02 Civ. 8448, filed Oct. 23, 2002 by Anderson Kill;

2. *Enzo v. Molecular,*   03 Civ. 3816, filed May 27, 2003 by Anderson Kill;

3. *Enzo v. PerkinElmer,* 03 Civ. 3817, filed May 27, 2003 by Anderson Kill;

4. *Enzo v. Orchid,*   03 Civ. 3819, filed May 27, 2003 by Anderson Kill;

5. *Enzo v. Sigma,*   03 Civ. 3820, filed May 27, 2003 by Anderson Kill;

6. *Affymetrix v. Enzo,*   03 Civ. 8907, Answer filed Nov. 10 2003 by Morrison Cohen; and

7. *Enzo v. Affymetrix,*  04 Civ. 1555, filed Oct. 28, 2003 by Morrison Cohen;[2]

8. *Roche v. Enzo,*   04 Civ. 4046, Answer filed July 2004 by GT.

3.

July 2004, GT was substituted in and appeared for Enzo in the above-referenced eight cases (collectively, the "Enzo Litigation").

4. The Enzo Litigation was undertaken by GT pursuant to an agreement

---

[2] Originally filed as: 03 CV 5446 in the Eastern District of New York.

The Engagement Letter provides:

> Enzo understands and agrees that GT may withdraw as counsel for Enzo for good cause. *"Good Cause"* shall include without limitation, the failure of Enzo to cooperate with its attorneys or comply with this Agreement, or their request that GT or its attorneys act in a manner that would violate the Rules of Professional Conduct.

Engagement Letter, p. 2. A provision in the General Provisions attached to the Engagement Letter is to the same effect:

> 6. Greenberg Traurig reserves the right to postpone or defer providing additional services or to discontinue the representation if payments for services and expenses are not made when due.

Id., General Provisions, ¶6.

PROCEEDINGS BEFORE JUDGE SPRIZZO

5.  The eight cases were assigned to Judge John E. Sprizzo. On November 12, 2004, Judge Sprizzo ordered the cases consolidated for purposes of discovery. He also ordered the cases bifurcated for pre-trial purposes -- liability would proceed first and then damages discovery.

6.  Judge Sprizzo held a five-day Markman Hearing beginning July 5, 2005. He heard oral argument on September 30, 2005. In January 2006, the parties submitted proposed claim construction orders. Judge Sprizzo filed his Markman decision on July 17, 2006.

_____

7.  On January 3, 2007, the defendants moved for summary judgment. Limited discovery was taken by Enzo. By July 17, 2007, the motions were *sub judice*, but were not ruled on before Judge Sprizzo became ill. Judge Sprizzo passed away in December 2008, and the motions remained pending.

REASSIGNMENT TO JUDGE SULLIVAN

8.  The Enzo Litigation was reassigned to the Hon. Richard J. Sullivan on January 8, 2009. In March 2009, Judge Sullivan denied the pending motions for summary judgment and stayed the cases pending the outcome of an appeal to the Federal Circuit in a related, Connecticut District Court case.

9.  Judge Sullivan lifted the stay on August 25, 2011 and permitted the defendants to renew their motions for summary judgment -- <u>as to the patent claims only</u>.

10. The motions were fully submitted in January 2012 and on September 24, 2012, Judge Sullivan granted in part and denied in part the defendants' motions for summary judgment on Enzo's patent claims.

THE CONTRACT CLAIMS

11. In November 2012, Judge Sullivan directed the defendants to file their summary judgment motions <u>on Enzo's contract claims</u> in the six remaining cases by December 21, 2012.[4]

12.

---

[4] The *Sigma Aldrich* case had been settled and the two *Affymetrix* cases were, for most purposes, treated as a single case.

13.


14.     On January 30, 2013, Judge Sullivan set a discovery schedule and a briefing schedule for the motions. Discovery, including depositions, was to be completed by April 11, 2013 and Enzo had to respond to the motions by May 1, 2013. Oral argument was to be held in the summer of 2013.

15.     In February 2013, Enzo's Chairman and Chief Executive Officer, Dr. Elazar Rabbani, told GT that he did not want to pay

He asked GT for a modification of the fee agreement in the Engagement Letter. These discussions continued into March and April.

16.     To accommodate Enzo, GT agreed to




17.     Enzo made the      payments for the months of April, May, June, and July 2013.

18.     Enzo paid GT's bill for the month of August,      but thereafter stopped paying GT's fees altogether.


SUMMARY JUDGMENT(S)

19.     The defendants' summary judgment motions were fully briefed and submitted on May 15, 2013. By September, decisions on those motions were imminent. Oral argument on Amersham's motion had been held before Judge Sullivan on August 30, 2013.

6

20. On September 18, Judge Sullivan set September 27th for oral argument on PerkinElmer's motion for summary judgment.

21. On October 22, 2013, Amersham's motion for summary judgment was granted and that case (02 Civ. 8448) was then settled and dismissed.

22. On October 28, 2013, Judge Sullivan granted in part and denied in part PerkinElmer's motion for summary judgment. He set a trial date of January 13, 2014 for the remaining contract and patent claims and directed the parties to submit a discovery schedule by November 1st.

23. The parties suggested that the trial date was too short and the Court, on November 4th, extended the date to March 1, 2014 and later to March 18th. By Order dated March 5, 2014, the PerkinElmer trial was adjourned by Judge Sullivan without date.

24. In November 2013, activity on the PerkinElmer case increased dramatically as the parties conducted damages discovery and prepared for trial.

25. Dr. Rabbani said Enzo would pay no more bills, including fees and disbursements, unless GT agreed to change the fee agreement

Those discussions continued through December.

26. On December 6, 2013, Judge Sullivan granted in part and denied in part Affymetrix's motion for summary judgment and set a trial date of April 14, 2014. He directed the parties to submit a joint pretrial schedule by December 20th. The Affymetrix trial was later rescheduled to May 12, 2014.

7

27. Also on December 6, 2013, Judge Sullivan granted in part and denied in part Roche's motion for summary judgment. Enzo moved for reconsideration on or about December 20th and no trial date or discovery schedule has been set.

28. Also on December 6, 2013, Judge Sullivan granted the motions of Molecular Probes and Orchid Bioscience for summary judgment on Enzo's contract claims. The Orchid case was subsequently settled and dismissed and the Molecular Probes case remains pending, for patent claims, with no trial date set.

29. In mid-December, I told Dr. Rabbani that GT would agree to Enzo's new fee demands if Enzo agreed to

By then, there were four cases remaining. Dr. Rabbani did not respond to that offer and made no payment by December 31, 2013.

JANUARY 2014

30. In January 2014, after the flurry of decisions and orders in December, GT

We were operating within a compressed time frame

31.

8

32.

34.     Throughout January, with cutoff dates and deadlines approaching

35.

        Enzo has not reimbursed those advances

36.     I told Dr. Rabbani in late January that GT would have to withdraw unless

                he resumed payments as agreed in the Engagement

Letter.

37.

38. He insisted that we agree to another modification of the fee agreement.

FEBRUARY 2014

39. The intensity of these discussions increased as the PerkinElmer trial date approached; motions were pending by both sides and deposition schedules were becoming difficult to meet. Deadlines were approaching for pretrial submissions to the Court.

40.

41.

42.

I told Dr. Rabbani that GT wanted to withdraw from the cases and that we would assist,           , new counsel

## TOTAL FEES AND EXPENSES OWED

43.     As of the end of February 2014, GT is owed a total of            in fees and expenses.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  March 17, 2014

_____
Michael Burrows

11